55 P.3d 1204 (2002)
STATE of Washington, Respondent,
v.
[C.G.], d.o.b.: 08/13/1985, Appellant.
Nos. 48742-6-I, 49480-5-I.
Court of Appeals of Washington, Division 1.
October 21, 2002.
*1205 Dana Nelson, Nielsen Broman & Koch Pllc, Seattle, WA, for Appellant.
James Hubert, Laura Hayes, Whatcom County Prosecutor's Office, Bellingham, WA, for Respondent.
PER CURIAM.
The felony harassment statute does not require proof that the victim of a threat to kill must be in reasonable fear of being killed. A reasonable fear of being physically injured satisfies the statute. In this case, there was sufficient evidence to support appellant's conviction for felony harassment and also the restitution order.[1]
The trial court found the following facts. On January 30, 2001, C.G. was a student at Blaine High School. That afternoon, a teaching assistant asked her about a pencil that was missing from her desk. C.G. became angry. She complained that she was being falsely accused of taking the pencil. Her anger escalated as class continued. She ignored the teaching assistant's requests to calm down. When C.G. began using profanity in the classroom, the teaching assistant ordered her to sit at a study carrel for a "time out".
During the "time out", C.G. continued to be disruptive. She kicked the carrel, moved her chair and made other noise. The teaching assistant then called the school's vice-principal, Tim Haney, who is responsible for disciplinary matters at the school.
Haney asked C.G. to accompany him out of the classroom. After some resistance, she agreed but continued to yell obscenities. Haney called another teacher for assistance. At this point, C.G. said to Haney, "I'll kill you Mr. Haney, I'll kill you!"
Blaine police officer James Glover responded to the incident. He arrested C.G. for threatening Haney. Officer Glover placed handcuffs on her and advised her of her rights. In response, C.G. swore at the officer and said, "I'll get out of these handcuffs and kill you." Officer Glover took her to the police department. While there, she kicked furniture and attempted to get out of her handcuffs. As Officer Glover attempted to place her in his patrol car for transportation to a detention facility, she kicked the car's side panel leaving a large scratch. Officer Glover then applied leg restraints. At that point, C.G. again threatened to kill the officer. She told him she was going to "call her gang boys to come up and shoot" him.
The State charged C.G. with two counts of felony harassment for the threats made to Haney and Officer Glover. The State also charged her with one count of intimidating a public servant for the threats she made to Officer Glover after she kicked his patrol car.
At the hearing, Haney testified that C.G.'s threat caused him concern. Haney testified that, based on what he knew about her, he felt it was "very likely" that she might try to harm him or someone else in the future. Officer Glover testified that C.G.'s threats caused him concern that she would try to kill him. He explained that C.G. was the only person he had arrested who had resisted or become aggressive after being handcuffed. Officer Glover testified that on a prior occasion, she had threatened to slit his throat with a knife. He also stated that he knew she had physically assaulted other Blaine police officers in the past.
The trial court found C.G. guilty on both counts of felony harassment, while acquitting her of the charge of intimidating a public servant. The court ordered her to pay $150 in restitution to the Blaine Police Department for the damage caused when she kicked Officer Glover's patrol car.
*1206 On appeal, C.G. contends that there was insufficient evidence to convict her on the first count of felony harassment involving her threat to Haney. She does not challenge her conviction on the second count of harassment based on her threats to Officer Glover.
In reviewing a challenge to the sufficiency of the evidence, we examine whether, viewing the evidence in the light most favorable to the State, a rational trier of fact could find guilt beyond a reasonable doubt. State v. Salinas, 119 Wash.2d 192, 201, 829 P.2d 1068 (1992). "A claim of insufficiency admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom." Salinas, 119 Wash.2d at 201, 829 P.2d 1068.
Washington's harassment statute, RCW 9A.46.020, makes it a felony to threaten to kill another through words or conduct that place the victim in reasonable fear that "the threat" will be carried out:
(1) A person is guilty of harassment if:
(a) Without lawful authority, the person knowingly threatens:
(i) To cause bodily injury immediately or in the future to the person threatened or to any other person; or
(ii) To cause physical damage to the property of a person other than the actor; or
(iii) To subject the person threatened or any other person to physical confinement or restraint; or
(iv) Maliciously to do any other act which is intended to substantially harm the person threatened or another with respect to his or her physical or mental health or safety; and
(b) The person by words or conduct places the person threatened in reasonable fear that the threat will be carried out. "Words or conduct" includes, in addition to any other form of communication or conduct, the sending of an electronic communication.
(2) A person who harasses another is guilty of a gross misdemeanor ... except that the person is guilty of a class C felony if ... the person harasses another person under subsection (1)(a)(i) of this section by threatening to kill the person threatened or any other person.
RCW 9A.46.020.
C.G. claims that a conviction under RCW 9A.46.020 requires proof that the person threatened was in reasonable fear that the literal threat made will be carried out. She contends there was insufficient evidence to convict her because Haney testified that he reasonably feared C.G. might harm him, rather than testifying that he reasonably feared she would kill him.
The case C.G. relies on is State v. Binkin, 79 Wash.App. 284, 902 P.2d 673 (1995), rev. denied, 128 Wash.2d 1015, 911 P.2d 1343 (1996). The appellant in Binkin, convicted of a threat to kill, argued that a prior threat he made should not have been admitted because it was irrelevant and prejudicial. Rejecting that argument, we held the prior threat was relevant because the State "had to prove that it was reasonable for Zena to fear that Binkin would kill her." Binkin, 79 Wash.App. at 292, 902 P.2d 673. This statement supports C.G.'s argument only when read out of context. Binkin's holding reflects the need for proof that the victim's fear was reasonable, not any need to prove the victim believed the literal threat would be carried out.
In State v. Savaria, 82 Wash.App. 832, 919 P.2d 1263 (1996), we rejected an argument similar to the one made by C.G. Savaria argued that the victim of his threat to kill did not actually believe that Savaria would kill her. We concluded that the victim need not believe the literal threat will be carried out, but need only fear harm will occur in one of the four general ways outlined in the statute: physical injury, restraint, property damage, or other malicious act intended to cause substantial harm.
The State points to the broad purpose furthered by the criminal harassment statute, which is to protect persons from all forms of personal harassment. Legislative intent cannot substitute for unambiguous statutory language, but the language of this statute nevertheless supports the interpretation urged by the State. The statute could be read to require a reasonable fear that the precise threat made will be *1207 carried out. However, this interpretation would require a strained reading of the statute. The threat referred to in section (1)(b) of the statute is more logically one of the four general threats defined in section (1)(a) of the statute: the offender threatens to cause either physical injury, property damage, or physical restraint, or to do a malicious act to cause substantial harm. The legislative purpose of protecting persons from harassment supports this more logical definition of "the threat" referred to in section (1)(b) of the statute, and we adopt it. To hold otherwise would allow perpetrators to decriminalize their threats by couching them in bizarre and unrealistic terms.
Savaria, 82 Wash.App. at 839, 919 P.2d 1263 (footnotes omitted and emphasis added).
C.G. argues that the discussion in Savaria quoted above shows that the statute is ambiguous and that the rule of lenity requires giving effect to her interpretation that the victim must fear that the precise threat will be carried out. We disagree. A statute is not ambiguous when an alternative reading of it is strained. See State v. Keller, 143 Wash.2d 267, 276-77, 19 P.3d 1030 (2001); State v. Tili, 139 Wash.2d 107, 115, 985 P.2d 365 (1999). As C.G. points out, the discussion of RCW 9A.46.020 in Savaria is dicta because it was not necessary to the decision, the court having decided to reverse the conviction on other grounds. But the analysis is persuasive, and we adopt it to determine the outcome of this case.
Haney testified that C.G.'s threat to kill him caused him concern, and he felt it was "very likely" she might try to harm him or someone else at some point. He knew she had made serious threats to others in the past and had assaulted students, school staff and Blaine police officers. Haney felt he was a visible resident of the Blaine community, and in a vulnerable position because of his responsibilities for student discipline. Viewed in the light most favorable to the State, this evidence was sufficient for a reasonable trier of fact to find beyond a reasonable doubt that C.G.'s threat placed Haney in reasonable fear that she would cause him bodily injury.
C.G. also contends that the trial court exceeded its authority in ordering her to pay $150 in restitution for the damage she inflicted to Officer Glover's patrol car. The decision to impose restitution and the amount thereof are within the trial court's discretion. State v. Bennett, 63 Wash.App. 530, 535, 821 P.2d 499 (1991). We will reverse a restitution order only if it is manifestly unreasonable or the sentencing court exercised its discretion on untenable grounds or for untenable reasons. State v. Smith, 33 Wash.App. 791, 798-99, 658 P.2d 1250 (1983).
C.G. claims that the trial court exceeded its authority to impose restitution in this case because the damage to Officer Glover's patrol car was not causally related to the harassment offenses for which she was convicted. A causal connection must exist between the offense and the victim's damages. A sufficient causal relationship exists if, but for the criminal acts of the defendant, the victim would not have suffered the damages for which restitution is sought. State v. Landrum, 66 Wash.App. 791, 799, 832 P.2d 1359 (1992).
Officer Glover testified that C.G.'s violent behavior, including the kicking of the patrol car, contributed to his fear that she might try to kill him. The trial court's findings of fact describe C.G.'s escalating behavior toward Officer Glover, including kicking furniture in the holding cell, attempting to remove her handcuffs, and kicking the officer's car, as well as her later threats. These facts supported the court's finding that Officer Glover reasonably feared C.G. would carry out her threats.
The trial court reasoned that restitution was appropriate because the kicking of the car was part of the same criminal episode as the verbal threatstogether, they constituted words or conduct that placed Officer Glover in reasonable fear that the threat would be carried out. This was a tenable basis for concluding the damage to the patrol car was caused by the criminal acts of harassment for which C.G. was convicted.
Affirmed.
NOTES
[1] The consolidated cases at one time included an appeal of the manifest injustice disposition of the case. Counsel for C.G. has advised the court that issues relating to that appeal have been withdrawn.