IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 68074-9-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LONG PHUC TRAN, | ) | UNPUBLISHED OPINION |
| a/k/a HUNG PHI DINH, | ) | |
| | ) | FILED: April 29, 2013 |
| Appellant. | ) | |
| | ) | |

VERELLEN, J. — Long Phuc Tran appeals his convictions for second degree theft, theft of a motor vehicle, and telephone harassment. The victim of the motor vehicle theft and harassment charges was his wife, Lan Phan. He contends the trial court abused its discretion in admitting testimony under ER 404(b) that Tran had abused Phan's children for the purpose of showing the reasonable fear element of felony harassment, i.e., that Phan reasonably believed Tran would carry out his threat.

The trial court properly admitted the testimony. It demonstrated Phan had seen Tran's violent acts towards her children and was therefore logically related to whether Phan's fear of Tran's threats was reasonable. The trial court gave the required limiting instruction to the jury, stating the evidence of Tran's treatment of the children could only be considered for the purpose of determining whether Phan's fear was reasonable. We affirm Tran's convictions.

## FACTS

The facts as they are relevant to Tran's appeal involve a series of interactions between Tran and his wife, Lan Phan. Phan and Tran have two children together. Phan also has six other children, who are older than her children with Tran. Tran and Phan were in a relationship from early 2002 until March 2011. In the course of their relationship, Tran did not physically abuse Phan, but was verbally abusive toward her. Phan moved out of Tran's house in September 2009. Phan would not tell Tran her new address.

Phan works nights as a janitor on the Microsoft campus in Redmond. On April 7, 2011, Phan received three calls from a woman who requested Phan's address and told her Tran was in the hospital. Phan refused to provide her address. Later that day, Phan drove to work and parked in one of the Microsoft campus garages. When Phan returned to her car for her break at approximately 10:00 p.m., her car was gone. Video surveillance showed a male suspect enter the garage around 7:00 p.m. and Phan's car leaving approximately 10 minutes later.

Phan suspected that Tran had stolen her car. Shortly after the car was stolen, Phan received a series of voice messages on her cell phone from Tran. In one message, Tran threatened to turn the van into a "piece of junk" that would "never start again."[1] In other messages, Tran also threatened Phan, stating "I'll kill you right away," and "I'll cut your throat wherever I see you."[2] He also threatened that he would find her

---

[1] Report of Proceedings (Oct. 26, 2011) at 16.

[2] Id. at 14.

at work, stating "I'll kill you at work. I'm going there now. I wait for you there."[3] Phan contacted the police after receiving the message.

On April 11, 2011, the State charged Tran with theft in the second degree (count 1, victim Marius Sutara), theft of a motor vehicle (count 2, victim Lan Phan), felony harassment (count 3, victim Lan Phan), telephone harassment (count 4, victim Lan Phan), burglary in the second degree (count 5, victim Neil Ing/Aurora Auto Repair), and theft of a motor vehicle (count 6, victim Berhane Abraha).[4] The court granted Tran's motion to sever counts 5 and 6. After a trial on counts 1 through 4, the jury convicted Tran of second degree theft, theft of a motor vehicle, and telephone harassment. The jury acquitted Tran of felony harassment.[5]

During trial, Phan testified about two specific instances in which Tran abused some of her children. Phan testified that Tran made one of her older daughters kneel on the floor and hold five video cassettes in each hand, slapped the child on the head, and kicked her. Phan also testified that Tran made two of Phan's younger children kneel and hold video cassettes in their hands while he hit the bottoms of their feet with a stick. Phan's 19-year-old daughter, Hang Phan,[6] witnessed both events as well. Hang

---

[3] Id. at 16.

[4] Although Tran was charged with various crimes against various victims, we set forth only the facts and testimony relating to Tran's actions toward his wife, as the other actions are not material to this appeal.

[5] Tran then entered an Alford plea to counts 5 and 6. The trial court imposed a standard range sentence on all counts.

[6] We will refer to Phan's daughter by her first name.

testified at trial about these events, giving descriptions consistent with her mother's.

The State had moved in limine to allow Phan to testify about Tran's abuse of her children. Tran objected, arguing the evidence was not relevant to Phan's reasonable fear that he would carry out the threats. The court ruled on the record that the events had occurred by a preponderance of the evidence, and that they were relevant to Phan's reasonable fear of Tran's threats. The court also allowed Hang to give her testimony, over Tran's objection. The court reasoned that Hang's testimony corroborated her mother's reasonable fear that Tran would carry out the threats. The court gave a limiting instruction each time Phan and Hang testified about Tran's treatment of the children.

When Tran testified at trial, he admitted he had treated the children in the manner that Phan and Hang had described, but testified this was how he was punished by his parents when he was young. Tran also testified that his threats to Phan were not serious, and that he just spoke to Phan that way when he was angry.

Tran appeals.

## DISCUSSION

Tran argues the trial court abused its discretion in admitting testimony about his prior misconduct in the form of testimony by Phan and Hang about Tran's treatment of Phan's children. We review a trial court's ruling on the admissibility of evidence for an abuse of discretion.[7] A trial court abuses its discretion if it acts on untenable grounds or

---

[7] State v. Magers, 164 Wn.2d 174, 181, 189 P.3d 126 (2008).

for untenable reasons.[8] "Failure to adhere to the requirements of an evidentiary rule can be considered an abuse of discretion."[9]

Evidence Rule 404(b) prevents the admission of evidence of other crimes, wrongs, or acts "to prove the character of a person in order to show action in conformity therewith." Before admitting ER 404(b) evidence, a trial court must engage in the following analysis on the record: "'(1) find by a preponderance of the evidence that the misconduct occurred, (2) identify the purpose for which the evidence is sought to be introduced, (3) determine whether the evidence is relevant to prove an element of the crime charged, and (4) weigh the probative value against the prejudicial effect.'"[10] If the evidence is admitted, the trial court must give a limiting instruction to the jury.[11]

The State's burden on the felony harassment charge was to demonstrate Tran had threatened to kill Phan, and Tran had "by words or conduct place[d] the person threatened in reasonable fear that the threat [would] be carried out."[12] Tran specifically contends the testimony was not relevant to whether Phan reasonably feared Tran would act on his threat to kill her, and that testimony on the same abuse from both Phan and Hang was unfairly prejudicial.[13]

---

[8] State v. Fualaau, 155 Wn. App. 347, 356, 228 P.3d 771, review denied, 169 Wn.2d 1023, 238 P.3d 503 (2010).

[9] State v. Foxhoven, 161 Wn.2d 168, 174, 163 P.3d 786 (2007).

[10] Id. at 175 (quoting State v. Thang, 145 Wn.2d 630, 642, 41 P.3d 1159 (2002)).

[11] Id.

[12] RCW 9A.46.020(1)(a), 1(b), 2(b).

[13] Tran does not assert the trial court erred in the other parts of the analysis. See Appellant's Br. at 12-16.

When a defendant is charged with felony harassment, evidence of prior violent acts or threats may be admitted to show the victim's fear of the defendant was reasonable.[14] In State v. Barragan, the court allowed testimony under ER 404(b) of statements the defendant had made to the victim about the defendant's violent conflicts with his fellow inmates because the testimony was relevant to the reasonable fear element of harassment.[15] Similarly, in State v. Ragin, the victim was allowed to testify about the defendant's statements that he had been convicted of armed robbery and was involved in a "domestic violence situation" because the victim's knowledge of the defendant's prior violent acts was relevant to the reasonable fear element of felony harassment.[16]

Tran contends that Barragan and Ragin are distinguishable because his treatment of Phan's children was not "similar in nature" to his threat to kill Tran.[17] The case law does not support the requirement that prior bad acts be similar in nature to the crime charged. The trial court reasoned that Tran's use of violence against Phan's children was relevant to whether Phan believed Tran would carry out his threat, an element of felony harassment. The trial court exercised sound discretion in determining Phan's and Hang's testimony was admissible.

Tran also contends that allowing the jury to hear the testimony of both Phan and Hang on the same prior bad acts was unduly prejudicial. The trial court acknowledged

---

[14] State v. Binkin, 79 Wn. App. 284, 292-93, 902 P.2d 673 (1995), overruled on other grounds by State v. Kilgore, 147 Wn.2d 288, 53 P.3d 974 (2002).

[15] 102 Wn. App. 754, 758, 9 P.3d 942 (2000).

[16] 94 Wn. App. 407, 411-12, 972 P.2d 519 (1999).

[17] Appellant's Br. at 14-15.

6

the testimony was cumulative, but not needlessly so because Hang's testimony corroborated Phan's and was, like Phan's, relevant to the reasonable fear element of felony harassment. Further, as the State argues, even if any error occurred, the error was harmless. A victim's reasonable fear is an element of felony harassment, and the jury acquitted Tran of the charge.[18] Because the jury was instructed to only consider the ER 404(b) evidence as it related to Phan's reasonable fear, we presume the jury did not consider the ER 404(b) evidence in convicting Tran of the other crimes.[19]

The trial court exercised sound discretion in admitting the ER 404(b) evidence. We affirm Tran's convictions.

WE CONCUR:

---

[18] A victim's reasonable fear is not an element of telephone harassment. RCW 9.61.230(1).

[19] Juries are presumed to follow the trial court's instructions. State v. Stein, 144 Wn.2d 236, 247, 27 P.3d 184 (2001).