# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON, )
                           )
           Respondent, )
                           )
      v. )
                           )
RANDY ROJELIO PEREZ CHAPARRO, )
                           )
          Appellant. )

No. 68418-3-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: June 10, 2013

GROSSE, J. — A claim of insufficiency of the evidence requires an appellate court to review the evidence to determine whether any rational trier of fact could find each element of the crime was proved beyond a reasonable doubt. Whether or not unlawful imprisonment was incidental to a separately charged offense is not an element of unlawful imprisonment and is thus immaterial where, as here, there is sufficient evidence to support the defendant's conviction for unlawful imprisonment.

Randy Chaparro and Najae Stevenson had a relationship which became strained when Chaparro found out Stevenson was pregnant with his child. Stevenson was staying with Chaparro at the home of Chaparro's parents. In August 2011, an argument erupted between the couple when Stevenson became angry that Chaparro was going back out again after just returning home from work. As the verbal altercation escalated, Chaparro struck Stevenson in the stomach with an open palm causing Stevenson to fall back on the bed. Stevenson went to the bathroom to straighten her hair, but became more frustrated and again verbally confronted Chaparro, this time about striking her. Chaparro and Stevenson physically became entangled and they both fell to the floor. Chaparro landed on top of Stevenson. Chaparro pinned Stevenson down and placed a pillow over her face, telling her to "shut up and stuff." The pillow covering her face

made it difficult to breath for three or four seconds. Stevenson managed to extricate herself and went to the bathroom where she called her mother. Chaparro kicked the bathroom door, which hit Stevenson as it swung open. Stevenson was sitting on the bathroom floor. Chaparro kicked her in the shin and told her to shut up.

When Chaparro left the bathroom, Stevenson went to the bedroom to get her belongings and started to go downstairs. Chaparro hit Stevenson on the back of the head as she was going down the stairs. When Stevenson told Chaparro that she was going to call the police, Chaparro again went after her and tackled her. Chaparro was on top of Stevenson, pinning her down, telling her that if she called the cops he would kill her. Chaparro released her and Stevenson again called her mom who told her that she should call the police if Chaparro had hurt her.

Stevenson left the house and called 911 about the incident. The police arrived and found Stevenson visibly upset and shaken. The left side of her face was swollen and she had a scratch under her eye.

The police arrested Chaparro, who told them that the two had had an argument and that he placed Stevenson in a "bear hug" and tried to quiet her down by holding her tight against his collar bone and neck. Chaparro testified that Stevenson accused him of not loving her anymore. He grabbed her by the head and told her he was sorry for cheating on her. Chaparro denied hitting Stevenson or placing anything over her mouth. He testified that when he tried to leave the house, Stevenson grabbed her purse and stormed down the stairs threatening to kill herself. Chaparro said Stevenson pulled her hair with both hands and hit herself two or three times in the face and then fell down. Chaparro told Stevenson to get out of the house.

The State charged Chaparro with felony harassment, second degree assault, and unlawful imprisonment. A jury found Chaparro guilty of unlawful imprisonment and attempted second degree assault. He was not convicted of the harassment charge. Chaparro appeals.

The State must prove each essential element of a charged crime beyond a reasonable doubt.[1] Evidence is sufficient to support a conviction if, viewed in the light most favorable to the State, it permits any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt.[2] "A claim of insufficiency admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom."[3] Matters pertaining to credibility of witnesses, conflicting testimony, and persuasiveness of the evidence are the exclusive province of the fact finder.[4]

A person commits unlawful imprisonment if he or she knowingly restrains another person. RCW 9A.40.040(1). "Restrain" means "to restrict a person's movements without consent and without legal authority in a manner which interferes substantially with his or her liberty." RCW 9A.40.010(6). "Restraint is 'without consent' if it is accomplished by . . . physical force, intimidation, or deception." RCW 9A.40.010(6).

Nonetheless, Chaparro argues there was insufficient evidence to support his unlawful imprisonment conviction. Specifically, he contends the unlawful imprisonment was incidental to the assault, and therefore not supported by facts sufficient for a separate conviction for unlawful imprisonment. Chaparro does not argue that there was no restraint, only that the restraint was incidental to the assault. We recently heard

---

[1] State v. Oster, 147 Wn.2d 141, 146, 52 P.3d 26 (2002).
[2] State v. Salinas, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992).
[3] Salinas, 119 Wn.2d at 201.
[4] State v. Thomas, 150 Wn.2d 821, 874-75, 83 P.2d 970 (2004).

similar arguments in State v. Phuong[5] and rejected them. In Phuong, this court held that due process allowed for a conviction for unlawful imprisonment when restraint was merely incidental to another charged offense. Phuong rejected the same argument that is being made here when it declined to reverse Phuong's conviction for unlawful imprisonment because it was incidental to the commission of the attempted rape. As noted in Phuong, the legislature did not require as an element of unlawful imprisonment that the restraint be "not incidental" to another offense.[6] The facts here, when viewed favorably to the State, demonstrate that Stevenson was unlawfully restrained. Because there is sufficient evidence to support the unlawful imprisonment, we affirm the trial court.

Chaparro next argues that the trial court erred in admitting evidence of prior assaults. At trial, the court admitted evidence of two other violent incidents that had occurred during the parties' relationship. The first occurred on a bus when Stevenson expressed her disapproval of a conversation demeaning women that Chaparro was having with a friend. When Stevenson tried to get up to leave, Chaparro choked her. Another instance of violence occurred when Chaparro punched Stevenson, giving her a black eye. Stevenson did not report these incidents to the police.

A decision to admit evidence under ER 404(b) is reviewed for abuse of discretion. A trial court abuses its discretion if it exercises its discretion on untenable grounds or for untenable reasons.[7] The trial court admitted the evidence (1) because of "the reasonableness of [Stevenson's] fear in the face of [an] alleged threat to kill her" and (2) "to assist the jury in judging her credibility."

---

[5] ___ Wn. App. ___, 299 P.3d 37 (2013).
[6] 299 P.2d at 42.
[7] State v. Fualaau, 155 Wn. App. 347, 356-57, 228 P.3d 771, rev. denied, 169 Wn.2d 1023, 238 P.3d 503 (2010).

Chaparro was charged with harassment. A victim's reasonable fear is an element of felony harassment and is relevant. Prior violent acts are admissible to prove the reasonableness of the victim's fear.[8]

The second reason proffered by the court also supports the admission of the evidence. Admission of prior incidents of violence in domestic violence cases has been upheld where the credibility of a witness is at issue.[9] As noted in State v. Baker,[10]

> victims of domestic violence often attempt to placate their abusers in an effort to avoid repeated violence, and often minimize the degree of violence when discussing it with others. . . . [The victim's] credibility was a central issue at trial. The jury was entitled to evaluate her credibility with full knowledge of the dynamics of a relationship marked by domestic violence and the effect such a relationship has on the victim.

Because there was sufficient evidence to support the trial court's determination that the prior acts were relevant to the material issue of reasonable fear, and that their probative value outweighed any prejudicial effect, the trial court exercised sound discretion in admitting the evidence under ER 404(b). We affirm Chaparro's convictions.

WE CONCUR:

---

[8] In re Detention of Danforth, 173 Wn.2d 59, 86-87, 264 P.3d 783 (2011) (citing State v. Kilburn, 151 Wn.2d 36, 41, 84 P.3d 1215 (2004)); State v. Magers, 164 Wn.2d 174, 181-83, 189 P.3d 126 (2008); see also State v. Ragin, 94 Wn. App. 407, 409-12, 972 P.2d 519 (1999) (where defendant threatened victim, the reasonableness of his fear can be proven by evidence of prior bad acts).
[9] Magers, 164 Wn.2d at 186.
[10] 162 Wn. App. 468, 475, 259 P.3d 270, rev. denied, 173 Wn.2d 1004, 268 P.3d 942 (2011) (quoting State v. Grant, 83 Wn. App. 98, 107-08, 920 P.2d 609 (1996)).