# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  51136-3-II |
| Respondent, | |
| v. | |
| DAVID LEE WILSON, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — David Lee Wilson appeals his conviction for felony harassment. Wilson argues that insufficient evidence supports his conviction.  In a supplemental brief, Wilson argues that the $200 criminal filing fee is improper under Engrossed Second Substitute House Bill (E.S.S.H.B.) 1783 and the State concedes this issue.  We affirm Wilson's conviction, but we remand for the trial court to strike the $200 criminal filing fee.

FACTS

On July 26, 2016, David Ely was driving to a post office in Bremerton.  The street where the post office is located had cars parked on both sides of the street, restricting travel to one lane. As Ely drove, another vehicle driven by David Wilson came quickly from around a nearby corner and approached Ely from the other direction.  In an attempt to avoid a collision, Ely accelerated and managed to pull over while Wilson passed him.  Ely then raised his middle finger to Wilson and shouted f**k you.  2 Verbatim Report of Proceedings (VRP) (Oct. 11, 2017) at 203.  Ely continued driving to the post office, parked his car and got out of his vehicle.

Around the same time, Ely noticed Wilson's vehicle "flying around this corner, tires squealing" and Wilson parked his vehicle almost "head-to-head" with Ely's vehicle.  2 VRP

(Oct. 11, 2017) at 204. Wilson, while still in his vehicle, asked Ely, "You got a problem with me, motherf\*\*ker[?]" 2 VRP (Oct. 11, 2017) at 205. Wilson opened his vehicle door and exposed a gun next to his right leg. Wilson pulled on the gun, exposing more of it to Ely. Wilson looked at Ely and stated, "You need to be careful who you're flipping off. You might get your head blown off or something." 2 VRP (Oct. 11, 2017) at 206. Ely started backing away, and Wilson closed his door and drove off.

Ely then called 911 and reported the incident. During the call, Ely reported Wilson's license plate number and stated that he was "pretty shaken." 2 VRP (Oct. 11, 2017) at 214. Bremerton police officer Steven Forbragd responded and spoke with Ely.

The State charged Wilson with felony harassment under RCW 9A.46.020(1), (2). At trial, Officer Forbragd testified that when he arrived on the scene, Ely was "upset, a little rattled, [and] kind of concerned for what had just happened." 2 VRP (Oct. 11, 2017) at 171. Ely testified that he felt "[p]retty threatened" when Wilson parked his car next to his at the post office and Wilson said, "'You got a problem with me, motherf\*\*ker' in a very threatening tone." 2 VRP (Oct. 11, 2017) at 205. Ely further testified that he took Wilson's statement as a threat, saying that "whenever someone shows me a gun . . . always treat a gun as though it's loaded." 2 VRP (Oct. 11, 2017) at 207. He stated he "had no idea what was going to transpire" when Wilson pulled out his gun and "when someone pulls a gun out . . . it's a pretty serious situation." 2 VRP (Oct. 11, 2017) at 207.

Ely also testified that he was unsure about whether he wanted to call 911 because he did not know if he wanted Wilson to know his identity because he was afraid of him. Ely testified that he was "pretty shaken" while making the call. 2 VRP (Oct. 11, 2017) at 214. Ely's 911 call was admitted as an exhibit during trial.

2

Wilson also testified at trial. Wilson stated that he was upset that Ely had caused him to almost hit two parked cars. Wilson stated that after he first passed Ely, he went around the block and proceeded to park by where Ely was parked. Wilson testified that he got out of his vehicle, asked why Ely had flipped him off, and then told Ely that "[i]f I was somebody else, you know, another black man, I probably would have been more upset, and you probably would have gotten yourself hurt." 2 VRP (Oct. 11, 2017) at 239. Wilson denied intending to scare Ely and having a gun.

The court instructed the jury that to convict Wilson of felony harassment, it had to find beyond a reasonable doubt that Wilson "knowingly threatened to kill [Ely] immediately or in the future," and that "the words or conduct" of Wilson "placed [Ely] in fear that the threat to kill would be carried out." 2 VRP (Oct. 11, 2017) at 269.

The jury convicted Wilson of one count of felony harassment. At sentencing, the trial court imposed mandatory legal financial obligations (LFOs), including a $200 criminal filing fee. The trial court also found Wilson indigent. Wilson appeals.

## ANALYSIS

Wilson argues that insufficient evidence supports his conviction for felony harassment. Wilson claims that the State failed to prove that Ely feared Wilson's threat to kill would be carried out. We disagree.

A.      *Sufficiency of the Evidence Legal Principles*

Due process requires the State to prove every element of the charged crimes beyond a reasonable doubt. *State v. Kalebaugh*, 183 Wn.2d 578, 584, 355 P.3d 253 (2015). We review sufficiency of evidence claims for whether, when viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the

3

charged crime beyond a reasonable doubt. *State v. Homan*, 181 Wn.2d 102, 105, 330 P.3d 182 (2014). In a challenge to the sufficiency of the evidence, the defendant admits the truth of the State's evidence and all reasonable inferences that can be drawn from it. *Homan*, 181 Wn.2d at 106. We also defer "to the trier of fact on issues of conflicting testimony, credibility of witnesses, and the persuasiveness of the evidence." *State v. Thomas*, 150 Wn.2d 821, 874-75, 83 P.3d 970 (2004).

B.      *Felony Harassment—Reasonable Fear*

Wilson argues that the State presented insufficient evidence to show an alleged threat to kill caused Ely to fear for his life. We disagree.

In order to convict for felony harassment based on a threat to kill, the State must prove that the person threatened was placed in reasonable fear that the threat to kill would be carried out as an element of the offense. RCW 9A.46.020; *State v. C.G.*, 150 Wn.2d 604, 612, 80 P.3d 594 (2003). This court uses an objective standard to determine whether the victim's fear is reasonable. *State v. Ragin*, 94 Wn. App. 407, 411, 972 P.2d 519 (1999). The reasonableness of the person's fear depends on the facts and circumstances. *See State v. Trey M.*, 186 Wn.2d 884, 905, 383 P.3d 474 (2016). Threatened persons need not say talismanic words such as, "I was in fear for my life" in order to prove they were in fact in fear for their life. *See Trey M.*, 186 Wn.2d at 905 (holding that the threatened individuals' testimony that they were "scared" after being named on a hit list was sufficient to show the victims feared that the threat to kill would be carried out).

Here, the State presented sufficient evidence that Wilson's threat caused Ely to reasonably fear for his life. Officer Forbragd testified that after arriving on the scene following the incident, Ely appeared upset, rattled, and concerned for what just happened. Ely testified that

after Wilson said, "You got a problem with me, motherf\*\*ker," he felt "pretty threatened." 2 VRP (Oct. 11, 2017) at 205. He testified he perceived Wilson's comment as a threat and backed away. He testified that he was scared and he did not know what was going to happen next, and it is a "pretty serious situation" when someone pulls out a gun. 2 VRP (Oct. 11, 2017) at 207. Ely also testified that he was unsure about whether he wanted to call 911 because he was afraid of Wilson and that he was "pretty shaken" during the 911 call.

Viewing all the facts together and in the light most favorable to the State, a rational jury could make a reasonable inference that Ely was afraid for his life. Therefore, we hold that the State presented sufficient evidence to support the charge of felony harassment, and affirm Wilson's conviction. In his supplemental brief, Wilson argues that his judgment and sentence contains a cost provision that is no longer authorized following our legislature's enactment of E.S.S.H.B. 1783. Specifically, Wilson argues that the superior court's imposition of a $200 criminal filing fee is improper and should be stricken. The State agrees, and we accept the State's concession.

E.S.S.H.B. 1783 modified Washington's system of LFOs and prohibits the imposition of the criminal filing fee on indigent defendants. LAWS OF 2018, ch. 269, sec. 17. The new statutes apply prospectively to cases on appeal. *State v. Ramirez*, 191 Wn.2d 732, 747, 426 P.3d 714 (2018).

Wilson and the State agree, and the record demonstrates, that Wilson is indigent. Therefore, the $200 criminal filing fee is improper. *See Ramirez*, 191 Wn.2d at 746.

We affirm Wilson's conviction, but we remand to the trial court to amend the judgment to strike the $200 criminal filing fee.

No. 51136-3-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, J.

We concur:

_____
Maxa, C.J.

_____
Lee, J.

6