80 P.3d 594 (2003)
150 Wash.2d 604
STATE of Washington, Respondent,
v.
C.G., (DOB 8/13/85), Petitioner.
No. 73310-4.
Supreme Court of Washington, En Banc.
Argued October 21, 2003.
Decided December 11, 2003.
*595 Dana M. Nelson, Nielsen Broman & Koch PLLC, Seattle, for petitioner.
David McEachran, Whatcom County Prosecutor, Laura D. Hayes, Deputy, James T. Hulbert, Deputy, Bellingham, for respondent.
MADSEN, J.
Petitioner C.G. maintains that her juvenile conviction must be reversed because the State did not prove that the victim of her threat was placed in reasonable fear that she would carry out her threat to kill. We agree that a conviction of felony harassment based upon a threat to kill requires proof that the person threatened was placed in reasonable fear that the threat to kill would be carried out. Accordingly, we reverse C.G.'s conviction for felony harassment.

Facts
The unchallenged findings of fact establish that on January 30, 2001, C.G., a student at Blaine High School, became disruptive in class when asked about a missing pencil. She claimed that she was falsely accused of taking the pencil. She became angry, used profanity, and, when ordered to sit in a study carrel for a "time out," kicked the carrel, moved her chair, and made other noise. The teaching assistant called the school's vice-principal, Tim Haney, who was responsible for disciplinary matters at the school.
Mr. Haney asked C.G. to leave the classroom with him, and after some resistance she went, continuing to yell obscenities. Haney called another teacher to assist. At that point C.G. said to Haney, "I'll kill you Mr. Haney, I'll kill you."
The State charged C.G. with two counts of felony harassment. The second was based upon her threats to kill a police officer who responded to the incident. At the adjudicatory hearing, Haney testified that C.G.'s threat caused him concern. He testified that based on what he knew about C.G., she *596 might try to harm him or someone else in the future. The trial court found C.G. guilty on both counts. C.G. has not challenged her conviction for threatening the officer.
C.G. appealed her conviction for threatening to kill Mr. Haney, arguing that there was insufficient evidence to support her conviction because the State did not prove that Mr. Haney was placed in reasonable fear that she would kill him. The Court of Appeals affirmed in a per curiam opinion. State v. C.G., 114 Wash.App. 101, 55 P.3d 1204 (2002), review granted, 149 Wash.2d 1010, 69 P.3d 875 (2003). This court granted C.G.'s petition for review.

Discussion
C.G. maintains that in order for a conviction of felony harassment to be upheld, the State must not only prove that she made a threat to kill, but that the person threatened was placed in reasonable fear that the threat to kill would be carried out, not just fear that bodily injury would be inflicted. She argues that the harassment statute's plain meaning favors her position. Alternatively, she argues that the statute is at least ambiguous and under the rule of lenity it should be construed in her favor.[1] We conclude that statute's plain language requires proof of reasonable fear that the threat to kill will be carried out and therefore do not reach the alternative arguments.
RCW 9A.46.020[2] provides in relevant part:
(1) A person is guilty of harassment if:
(a) Without lawful authority, the person knowingly threatens:
(i) To cause bodily injury immediately or in the future to the person threatened or to any other person; or
(ii) To cause physical damage to the property of a person other than the actor; or
(iii) To subject the person threatened or any other person to physical confinement or restraint; or
(iv) Maliciously to do any other act which is intended to substantially harm the person threatened or another with respect to his or her physical or mental health or safety;[[3]] and
(b) The person by words or conduct places the person threatened in reasonable fear that the threat will be carried out....
(2) A person who harasses another ... is guilty of a class C felony if ... (b) the person harasses another person under subsection (1)(a)(i) of this section by threatening to kill the person threatened....
(Emphasis added.)
The meaning of a statute is a question of law that an appellate court reviews de novo. State v. J.M. 144 Wash.2d 472, 480, 28 P.3d 720 (2001). The court's goal is to determine the legislature's intent and carry it out. Id. If a statute's meaning is plain, then the court must give effect to the plain meaning as expressing what the legislature intended. Id.
The words "the threat" are key to the statute's meaning. In the case of a misdemeanor violation of the statute, "the threat" allegedly made is one of the four threats listed in subsection (1)(a), and the statute says that the State must prove that the person threatened was placed in reasonable fear of "the threat"  the actual threat made. Thus, to obtain a misdemeanor conviction based upon one of these threats, the *597 State must prove the threat made and the threat feared are the same.
The threat to kill, however, is not listed in subsection (1)(a) as one of the threats that is proscribed as a misdemeanor. It is, nevertheless, obvious that the legislature meant to proscribe threats to kill, given that it expressly provided that a threat to kill results in a felony. The logical way to read the statute is to conclude, the same as in the case of misdemeanor threats, that the fear in the case of the threat to kill must be of the actual threat made  the threat to kill. Thus, the statute means that subsection (2)(b) adds a threat not listed in subsection (1)(a), i.e., a threat to kill.
Whatever the threat, whether listed in subsection (1)(a) or a threat to kill as stated in subsection (2)(b), the State must prove that the victim was placed in reasonable fear that the same threat, i.e., "the" threat, would be carried out.
Subsection (2)(b) accords with this reading because it states that the elevation of the offense to a felony results when "[a] person harasses another person under subsection (1)(a)(i) of this section by threatening to kill...." (Emphasis added.) Thus, the threat to kill is effectively substituted for a threat to cause bodily injury without killing, and the words "the threat" apply to the "substituted" threat to kill.
This plain reading is additionally reinforced by RCW 9A.46.010. As the court has recognized, the plain meaning of a statute may be determined from all that the legislature has said in the statute and related statutes that disclose legislative intent about the provision at issue. State v. J.P., 149 Wash.2d 444, 450, 69 P.3d 318 (2003); Thurston County v. Cooper Point Ass'n, 148 Wash.2d 1, 12, 57 P.3d 1156 (2002); Dep't of Ecology v. Campbell & Gwinn, L.L.C., 146 Wash.2d 1, 11, 43 P.3d 4 (2002). RCW 9A.46.010 states the legislature's finding and purpose underlying the harassment statute. It states that
[t]he legislature finds that the prevention of serious, personal harassment is an important government objective. Toward that end, this chapter is aimed at making unlawful the repeated invasions of a person's privacy by acts and threats which show a pattern of harassment designed to coerce, intimidate, or humiliate the victim.
This expressed legislative purpose indicates the primary focus in criminalizing threats is on the harm caused  the fear engendered in the victim. One placed in fear of being killed is, on a relative and general scale, harmed more than one who is threatened with bodily injury. This accords with the legislature's elevation of a threat to kill to a felony and leads to the same conclusion as above  that in the case of a threat to kill, the victim must be placed in reasonable fear that a threat to kill will be carried out.
We thus conclude that under the plain language of RCW 9A.46.020, supported by the related statute, RCW 9A.46.010, the State must prove that the victim is placed in reasonable fear that the threat made is the one that will be carried out. Under the plain reading of the statute, C.G.'s conviction for felony harassment must be reversed because there is no evidence that Mr. Haney was placed in reasonable fear that she would kill him.
We find unconvincing the State's argument that construing the plain language of the statute to require reasonable fear of the actual threat made means that the perpetrator could decriminalize a threat by phrasing it in language that would not lead to reasonable fear of the literal threat being carried out. For example, the State says, the defendant could threaten to "blow you away," or "fill you full of lead," or "gut you like a fish." Answer to pet. at 4.
We do not believe the statute requires this "literal threat" interpretation. Moreover, such an interpretation is to be avoided because it would lead to absurd results. See State v. Votava, 149 Wash.2d 178, 187, 66 P.3d 1050 (2003) (statute should not be construed to lead to absurd results). Instead, the nature of a threat depends on all the facts and circumstances, and it is not proper to limit the inquiry to a literal translation of the words spoken. For example, in State v. Williams, 144 Wash.2d 197, 212, 26 P.3d 890 (2001), we found that the statement "[d]on't make me strap your ass" was, under *598 the circumstances and considering the evidence in favor of the State, a threat to inflict future bodily injury.
We note that our decision conflicts with dicta in the Court of Appeals decision in State v. Savaria, 82 Wash.App. 832, 919 P.2d 1263 (1996), upon which the State relies. In Savaria, the defendant was convicted of felony harassment, but at trial the victim testified that she did not think the defendant would kill her. Instead, she testified that she feared bodily injury. The defendant claimed the evidence was insufficient to convict him of felony harassment. The Court of Appeals disagreed, reasoning that the defendant's threat fell under both the physical injury and malicious acts categories of threats and that a reasonable jury could therefore conclude that the victim reasonably feared bodily injury. The court concluded that, although the victim testified that she did not think the defendant would kill her and instead testified that she feared he might hurt her, this was enough to satisfy the statute because fear of bodily injury was one of the types of threats covered in subsection (1)(a). We disapprove of this part of Savaria, albeit dicta, because it does not follow the plain language of RCW 9A.46.020.
Finally, we observe that the State will still be able to charge one who threatens to kill with threatening to inflict bodily injury, in the nature of a lesser included offense, thus enabling a misdemeanor charge even if the person threatened was not placed in reasonable fear that the threat to kill would be carried out, but was placed in fear of bodily injury.

Conclusion
In order to convict an individual of felony harassment based upon a threat to kill, RCW 9A.46.020 requires that the State prove that the person threatened was placed in reasonable fear that the threat to kill would be carried out as an element of the offense.
We reverse the Court of Appeals, reverse C.G.'s conviction for felony harassment based on her threat to kill Mr. Haney, and remand for further proceedings in accord with this decision.
ALEXANDER, C.J., JOHNSON, IRELAND, SANDERS, BRIDGE, CHAMBERS, OWENS, and FAIRHURST, JJ., concur.
NOTES
[1] C.G. also relies on decisions of the Court of Appeals where the court said that the victim of the threat must be placed in fear of being killed. State v. Binkin, 79 Wash.App. 284, 902 P.2d 673 (1995), overruled on other grounds by State v. Kilgore, 147 Wash.2d 288, 53 P.3d 974 (2002); State v. Ragin, 94 Wash.App. 407, 972 P.2d 519 (1999). In each of these cases, threats to kill were made and the State presented evidence that the victims feared the actual threat made. In each case, the language relied upon by C.G. appears in the context of the court addressing the reasonableness of the fear. In neither case did the court address the issue, whether the felony harassment statute requires proof that the person threatened reasonably feared the threat to kill would be carried out, and thus are of limited value here.
[2] The subsectioning of the statute was changed by amendment in 2003, but the substantive provisions remain the same. Laws of 2003, ch.53, § 69.
[3] Subsection (1)(a)(iv) was held unconstitutionally overbroad in criminalizing threats to mental health. State v. Williams, 144 Wash.2d 197, 26 P.3d 890 (2001).