IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 34635-8-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| KEITH ERIC BRIER, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, C.J. — Keith Brier appeals after a trial court found him guilty of felony harassment. He raises several arguments, including that the State failed to prove beyond a reasonable doubt that a victim feared his threat to kill would be carried out. We agree and therefore reverse his conviction.

FACTS

Mr. Brier received a $1,000 fine for various traffic infractions. Soon after, he posted a comment on the Tri-Cities "Rants and Raves" section of Craigslist. The pertinent portion of the comment reads:

I got pulled over on Garfield st in Kennewick for a broken tail light lens. The cop gave me a ticket for everything he could find and then said he was giving me a break because he did not write me for the broke lens. So I have a old truck that is for dump runs only, it doesn't get drove ever so it's not registered and I don't carry any paper work in it. The tickets are 1000 dollars plus. WOW. Thanks for the break. I don't have the money, we barely make our bills and sometimes we don't make them. So when those tickets go to warrant this will be dealt with in a 2nd amendment fashion. When the people lose everything they lose it.

Clerk's Papers (CP) at 36.

Two days later, Mr. Brier added to his post:

Let me be clear! The next time I have a interaction with law enforcement their will be at least one dead cop. If I get the chance to take a few more I will. I know that I will die and I am ok with that, we all die it's just a matter of how. As for that one innocent cop who may get it. . . . Well I'll give you a break, only a gut shot instead of the head. Sounds fair after the break you guys gave me.

CP at 36. An anonymous source reported the posts to the Kennewick Police Department. Law enforcement eventually spoke with Mr. Brier, and he admitted that he had made the posts, but claimed he was only venting his frustrations. The State charged Mr. Brier with felony harassment—threat to kill.

Prior to trial, Mr. Brier sought to dismiss the charge pursuant to *State v. Knapstad*, 107 Wn.2d 346, 729 P.2d 48 (1986). He argued that the threat was not a true threat and that the threat did not have a target or victim. The trial court denied the motion. With

2

respect to the argument that the threat did not have a target, the trial court construed the target as the Kennewick Police Department.

The case proceeded to a bench trial. The State called three Kennewick law enforcement officers who had read Mr. Brier's posts. Pertinent to this appeal, the State asked those officers whether Mr. Brier's second post caused them to be concerned about officer safety. All three officers testified that it did. No officer explicitly testified that he feared Mr. Brier's threat to kill would be carried out.

After the State rested, Mr. Brier moved to dismiss on the basis that the State had failed to present any evidence that a victim reasonably believed the threat to kill would be carried out. The trial court denied the motion, believing the officers' testimonies that they were concerned for officer safety was sufficient.

After closing arguments, the trial court made its ruling. It discussed the evidence, the elements of proof, found that the State had proved the necessary elements beyond a reasonable doubt, and adjudged Mr. Brier guilty of felony harassment. Mr. Brier appealed.

Because we were unable to decide the issues based on the trial court's oral ruling, we remanded for the trial court to enter findings of fact and conclusions of law. Pertinent to the dispositive issue, the trial court entered the following findings and conclusions:

3

FINDINGS OF FACT

. . . .

2.      Detective Ron Salter of the Kennewick Police department observed the post on Craigslist and had concerns regarding the safety of law enforcement.

3.      Detective Kirk Isakson observed the post and believed that the post was a threat to law enforcement and placed a teletype for Eastern Washington for officer safety concerns.

. . . .

6.      Detective Maynard believed the posts were a threat to law enforcement.

CONCLUSIONS OF LAW

. . . .

3.      The defendant must by words or conduct place the person threatened in reasonable fear that the threat will be carried out.

4.      The statement [made in the second post] would place a reasonable person in fear that the threat would be carried out.

. . . .

8.      While the evidence does not connect the threat to a particular person, it does not undermine the element that the officers were in reasonable fear.

CP at 89-90.

ANALYSIS

INSUFFICIENT FINDINGS TO CONVICT

Mr. Brier contends the trial court's findings are insufficient to sustain his conviction. We agree.

4

> "[A]n essential of the due process guaranteed by the Fourteenth Amendment [is] that no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof—defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense."

*State v. Hummel*, 196 Wn. App. 329, 352, 383 P.3d 592 (2016) (alterations in original)

(quoting *Jackson v. Virginia*, 443 U.S. 307, 316, 99 S. Ct. 2781, 61 L. Ed. 2d 560

(1979)).

To prove felony harassment—threat to kill, the State was required to prove three elements beyond a reasonable doubt: (1) without lawful authority, (2) the defendant knowingly threatened to kill some other person immediately or in the future, and (3) the defendant's words or conduct placed the person threatened in reasonable fear that the threat to kill would be carried out against him or her. RCW 9A.46.020(1)(a)(i), (1)(b), (2)(b)(ii)[1]; *see State v. C.G.*, 150 Wn.2d 604, 607, 80 P.3d 594 (2003). The third element has both a subjective and an objective component. The subjective component requires the threatened person be placed in fear that the threat to kill would be carried out. The objective component requires that such person's fear be reasonable.

---

[1] The State did not charge Mr. Brier with threatening a criminal justice participant under RCW 9A.46.020(2)(b)(iv), which would not require a threat to kill.

No. 34635-8-III
*State v. Brier*

Here, the trial court did not find that one or more Kennewick police officers feared that the threat to kill would be carried out.[2] Nor did the trial court find that the State proved this subjective component beyond a reasonable doubt. The failure to enter such findings signifies a failure of proof. We therefore reverse Mr. Brier's conviction.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Lawrence-Berrey, C.J.

WE CONCUR:

Siddoway, J.          Fearing, J.

---

[2] Conclusion 8 can be construed as a finding that the officers were fearful. Being fearful is insufficient. The third element requires the person threatened be fearful that the *threat to kill* would be carried out. *C.G.*, 150 Wn.2d at 607-08 (emphasis added).

6