IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

STATE OF WASHINGTON,          )
                              )          No.  36626-0-III
              Respondent,     )
                              )
      v.                      )
                              )
CARLOS MICHAEL THIEDE,        )          UNPUBLISHED OPINION
                              )
              Appellant.      )

KORSMO, J. — Carlos Thiede appeals from the convictions for felony harassment, contending there was insufficient evidence on one of the counts and that his attorney failed to properly investigate that count.  We affirm.

FACTS

Mr. Thiede used a telephone and social media to send numerous threats to S.R., telling her he would kill her, her friends, and family.  A friend of S.R.'s was present and recorded the phone conversations.  S.R. informed law enforcement about the threats.  In order to verify identity, the police used a fictitious Facebook page to trick Mr. Thiede into providing pictures of himself using his Facebook account.

Mr. Thiede was charged with one count of harassment (threat to kill) of S.R. and two additional counts involving other victims.  S.R. testified at trial that Mr. Thiede's

statements concerned her, so she had asked her friend to record the conversations. The prosecutor and defense counsel were not aware of the recording. The prosecutor located the recording and defense counsel asked for a recess to review it. Defense counsel later noted he had received the recording in discovery but had not recognized the computer files. Defense counsel initially suggested further investigation into the recording could be warranted, but later did not object to the recording's admissibility. Witnesses identified Mr. Thiede's voice from recordings.

Mr. Thiede testified that his phone was stolen and that he lost control of his social media account. Someone else had used them to send the threats. Defense counsel argued during closing that the recording backed Mr. Thiede's theory that someone used his phone and social media to impersonate him, questioning why Mr. Thiede would so brazenly convey a threat that included his full name.

The jury convicted Mr. Thiede on all counts. The court sentenced Mr. Thiede under the first time offender waiver of presumptive sentence. Mr. Thiede timely appealed to this court. His appeal was considered without hearing argument.

## ANALYSIS

Mr. Thiede argues that the evidence did not support the conviction involving S.R. and that his counsel performed ineffectively by not discovering the recording before trial. We address the two claims in that order.

*Sufficiency of the Evidence*

Mr. Thiede contends that the State did not provide sufficient evidence that S.R. reasonably feared he would carry out the threat to kill. Properly viewed, the evidence allowed the jury to conclude otherwise.

Review of this contention is in accord with long settled standards. Evidence is sufficient to support a verdict if the trier-of-fact has a factual basis for finding each element of the offense proved beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *State v. Green*, 94 Wn.2d 216, 221-222, 616 P.2d 628 (1980). The evidence is viewed in the light most favorable to the prosecution. *Green*, 94 Wn.2d at 221. Appellate courts defer to the trier-of-fact on issues of conflicting testimony, credibility of witnesses, and the persuasiveness of the evidence. *State v. Camarillo*, 115 Wn.2d 60, 71, 794 P.2d 850 (1990).

To establish a violation of RCW 9A.46.020, one element that the State must prove is that the victim reasonably feared the defendant's threat to kill. *State v. C.G.*, 150 Wn.2d 604, 609, 611, 80 P.3d 594 (2003). Testimony about the victim's fear and reaction are particularly relevant. *State v. Trey M.*, 186 Wn.2d 884, 905-906, 383 P.3d 474 (2016). Circumstances that may help the factfinder ascertain subjective fear include how the victim understood the defendant's capabilities and characteristics when the victim received threats. *Id.* at 905-906; *C.G.*, 150 Wn.2d at 606-607. The method the defendant used to deliver the threats and the reaction of others who heard the threat may

also be considered. *Trey M.*, 186 Wn.2d at 905-906. In *Trey M.*, the court found sufficient evidence when the victims testified that the defendant's threats scared them and they believed the defendant was out of custody and could hurt them. *Id.*

S.R. responded to Thiede's threats by stating, "I'm not scared of you," and informing him that she planned to call the police. Thiede argues that her statement showed she did not fear the threats. However, S.R. testified she believed the statements were threats and that she was "concerned." She reacted by promptly informing her family and contacting law enforcement, actions that she would not have engaged in if she did not believe the threats were genuine. S.R. emphasized during testimony that Mr. Thiede was much older than her, a fact further suggesting he posed a threat to the young girl's safety. S.R.'s friend also testified that she was afraid for her and S.R.'s safety upon hearing the statements. All this evidence allowed the jury to reasonably determine S.R. subjectively and reasonably feared Mr. Thiede's threats to kill her and others.

The evidence was sufficient to support the verdict.

*Ineffective Assistance of Counsel*

Mr. Thiede also argues that his attorney was ineffective due to failure to discover the recording of the threats against S.R. That error did not prejudice the defense.

The standards governing review of this argument are long settled. The Sixth Amendment guarantee of counsel requires defense counsel to perform to the standards of the profession. Failure to live up to those standards will require a new trial when the

client has been prejudiced by counsel's failure. *State v. McFarland*, 127 Wn.2d 322, 333-335, 899 P.2d 1251 (1995). In evaluating ineffectiveness claims, courts must be highly deferential to counsel's decisions. A strategic or tactical decision is not a basis for finding error. *Strickland v. Washington*, 466 U.S. 668, 689-691, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To prevail on a claim of ineffective assistance, the defendant must show both that his counsel erred and that the error was so significant, in light of the entire trial record, that it deprived him of a fair trial. *Id*. at 690-692.

When a claim can be resolved on one ground, a reviewing court need not consider both *Strickland* prongs. *Id*. at 697; *State v. Foster*, 140 Wn. App. 266, 273, 166 P.3d 726 (2007). To establish prejudice, the error must undermine confidence in the trial court's verdict sufficient to warrant a new trial. *Strickland*, 466 U.S. at 694-695.

Counsel reviewed the recording and apparently declined to further investigate the matter after initially considering the possibility.[1] The recording did little more than corroborate the testimony describing the threats. Mr. Thiede suggests that discovering the recording earlier could have led his trial counsel to change strategy because the recording undermined the defense. It did not. The defense to all three cases depended on the credibility of Thiede's assertion that his identity had been hijacked. While the recording allowed the jurors to compare the speaker's voice with Thiede's, it still only

---

[1] There is no evidence suggesting that additional investigation of the recording could have undermined its authenticity.

5

served as corroborating evidence of the testimony of the victims who identified him as the caller. Moreover, defense counsel incorporated the recording into closing argument. No other plausible strategy suggests itself, particularly since there were multiple allegations of similar behavior. In light of the other evidence against Mr. Thiede, the failure of counsel to view the video earlier does not undermine the jury's verdict.[2]

The error in failing to discover the recording earlier was not prejudicial. Mr. Thiede has not established that his counsel provided ineffective assistance.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, A.C.J.

WE CONCUR:

_____
Lawrence-Berrey, J.

_____
Siddoway, J.

---

[2] Mr. Thiede's claim that discovering the video before trial could have led him to take a plea deal is not supported by the record. For matters outside the record, a personal restraint petition is the appropriate method of gathering evidence and using it to establish a claim of ineffective assistance. *McFarland*, 127 Wn.2d at 335.