# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  55634-1-II |
| Respondent, | |
| v. | |
| JOSEPH NICHOLAS SLIWINSKI, | UNPUBLISHED OPINION |
| Appellant. | |

PRICE, J. — Joseph Sliwinski appeals his conviction for felony harassment of Megan Kingston.  Sliwinski argues that there was insufficient evidence that his threat caused Kingston to reasonably fear that he would kill her.  We disagree and affirm Sliwinski's conviction.

## FACTS

The State charged Sliwinski with felony harassment of Kingston after he threatened to "bash" her head in.  Verbatim Report of Proceedings (VRP) at 147.  Sliwinski and Kingston were in a relationship at the time of the incident.  At trial, the State presented evidence that the two were arguing at Sliwinski's home and Sliwinski accused Kingston of talking to other men.  Kingston testified that Sliwinski was intoxicated and behaving aggressively toward her, including yelling, threatening to break her phone, and preventing her from leaving.

Kingston testified that, while holding a standard-size hammer with a metal head, Sliwinski said to Kingston, "I swear to God . . . if you don't tell me [who you were texting], I'll bash your f***ing head in."  VRP at 147.  Kingston said that she felt like she "needed to leave" and was

"[s]cared that Sliwinski was gonna hit [her] with the hammer." VRP at 147. Kingston subsequently grabbed Sliwinski's phone and ran into his bedroom where she called 911.

The jury found Sliwinski guilty of felony harassment. Sliwinski appeals.

ANALYSIS

Sliwinski argues that there was insufficient evidence to support a conviction of felony harassment. We disagree.

"In a claim of insufficient evidence, a reviewing court examines whether 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt,' viewing the evidence in the light most favorable to the state." *State v. Brockob*, 159 Wn.2d 311, 336, 150 P.3d 59 (2006) (emphasis omitted) (quoting *State v. Hughes*, 154 Wn.2d 118, 152, 110 P.3d 192 (2005)) (internal quotations omitted).

A defendant challenging the sufficiency of the evidence admits the truth of the State's evidence, and all reasonable inferences that can be drawn therefrom are construed in the State's favor. *State v. Cadenas-Flores*, 189 Wn.2d 243, 265-66, 401 P.3d 19 (2017). We give circumstantial evidence and direct evidence equal weight in this determination. *State v. Trey M.*, 186 Wn.2d 884, 905, 383 P.3d 474 (2016). We do not make or review credibility determinations. *Brockob*, 159 Wn.2d at 336.

Felony harassment requires that the State prove beyond a reasonable doubt that the defendant knowingly threatened to kill the victim and that, as a result, the victim reasonably feared that the threat would be carried out. RCW 9A.46.020(2)(b)(ii); *State v. C.G.*, 150 Wn.2d 604, 609, 80 P.3d 595 (2003). The victim must subjectively fear that the threat will be carried out, and the

fear must be objectively reasonable. *State v. E.J.Y.*, 113 Wn. App. 940, 952-53, 55 P.3d 673 (2002).

The victim's fear can be assessed from the context, and it is not necessary that specific words are used. For example, in *Trey M.*, our Supreme Court held that sufficient evidence supported the defendant's conviction for felony harassment where the victims testified that when they heard they were on the defendant's "hit list," they were "scared." *Trey*, 186 Wn.2d at 905-06 (internal quotation marks omitted). Relying on the context of this testimony, the court determined that there was sufficient evidence that the victims feared a threat to kill would be carried out and that such fear was reasonable. *Id.* 186 Wn.2d at 906.

Here, Sliwinski argues that the State did not present evidence that Kingston was placed in a reasonable fear that a threat to kill would be carried out because she did not explicitly testify that she feared Sliwinski would kill her.

While it is true that Kingston did not directly say that she feared Sliwinski would kill her, her testimony was sufficient. She testified that when Sliwinski said he was going to "bash her f***ing head in" while holding the hammer, she was scared that he was going to hit her with the hammer. VRP at 147. Viewing all facts and inferences in favor of the State, and considering the context of what was occurring at the time, Kingston's testimony was sufficient for a trier of fact to infer that Kingston believed Sliwinski would bash her head in, which in turn is sufficient to support her reasonable fear that a threat to kill would be carried out.

Sliwinski, who stood about six inches taller than Kingston, was intoxicated, holding the hammer, and behaving aggressively toward Kingston prior to making the threat. He was yelling and accusing her of hiding something. It strains reason to suggest that Kingston's statement of fear of being hit with the hammer directly following Sliwinski's threat, while holding a hammer, to "bash her f***ing head in" was not a direct statement of fear of death. VRP at 147. And, again, as explained in *Trey M.*, proof of felony harassment does not require particular phraseology or the use of the word "kill." 186 Wn.2d at 906.

Moreover, Kingston's subsequent 911 call to request law enforcement shows that she took Sliwinski's threats as more than just "idle talk or jests"[1] and that she believed she was in danger. Construing the facts in favor of the State, and considering the overall context in which the threat was made, the testimony provided sufficient evidence to show that Kingston's fear was both subjectively felt and objectively reasonable. Thus, the State presented sufficient evidence of felony harassment.

## CONCLUSION

In conclusion, because a rational juror could find that Kingston reasonably believed that Sliwinski would carry out his threat to bash her head in and that this threat was a threat to kill, there was sufficient evidence to support of finding of guilt for felony harassment. Therefore, we affirm Sliwinski's conviction.

---

[1] *State v. Olsen*, 175 Wn. App. 269, 284, 309 P.3d 518 (2013) (in a felony harassment case, court approves "true threat" instruction that excludes "idle talk or jests").

No. 55634-1-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, J.

We concur:

GLASGOW, A.C.J.

WORSWICK, J.