# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 54545-4-II |
| Respondent, | |
| v. | |
| ANDRE AVONCE ALLEN, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. — Andre A. Allen appeals his convictions and sentence for first degree unlawful possession of a firearm, felony harassment, two counts of second degree assault, and two counts of unlawful possession of a controlled substance with intent to deliver. Allen argues that the evidence was insufficient to support his convictions for felony harassment and one count of second degree assault. Allen also argues that the evidence was insufficient to support the corresponding firearm sentencing enhancements. In a supplemental brief, Allen argues that he is entitled to resentencing on the 60-month firearm sentencing enhancements following our Supreme Court's decision in *State v. Blake*.[1]

We hold that the evidence is insufficient to support Allen's conviction for felony harassment, but there is sufficient evidence to support Allen's challenged second degree assault conviction and the firearm sentencing enhancements not associated with the felony harassment conviction. We also hold that Allen is not entitled to resentencing based on the 60-month firearm

---

[1] 197 Wn.2d 170, 481 P.3d 521 (2021).

sentencing enhancements following *Blake*. Accordingly, we reverse Allen's felony harassment conviction and the firearm sentencing enhancement associated with that conviction; affirm Allen's other convictions and firearm sentencing enhancements associated with those convictions; and remand to the trial court to vacate the felony harassment conviction and associated firearm sentencing enhancement, dismiss the felony harassment and associated firearm sentencing enhancement charges with prejudice, and for resentencing.

FACTS

Bernard Robinson saw Allen walking on the street and recognized Allen as having sprayed him with bear mace a few weeks earlier. Robinson started following Allen and called 911. Allen pulled out a gun, pointed it at Robinson, and threatened to kill him. Law enforcement arrived, arrested Allen, and found that Allen was carrying the gun, drugs, a scale, and a large amount of cash.

The State charged Allen by amended information with first degree unlawful possession of a firearm, felony harassment, two counts of second degree assault, and two counts of unlawful possession of a controlled substance with intent to deliver. One second degree assault charge related to the incident with the gun (count 6), and the other second degree assault charge pertained to the earlier bear mace incident (count 7). The possession with intent to deliver charges included special allegations that Allen committed the crimes in a public park. The possession with intent to deliver charges, felony harassment charge, and assault charge involving the gun included firearm sentencing enhancements.[2]

---

[2] The State also charged Allen with unlawful possession of a controlled substance but did not proceed to trial on that charge.

A.    TRIAL

At trial, Robinson testified that he and Allen knew each other. One day, Allen took Robinson's phone, and Robinson went after him. Allen sprayed Robinson with bear mace and took off running. Allen was not arrested for this incident at the time.

A few weeks later, Robinson saw Allen walking on the street and recognized him. Robinson began following Allen and called 911. When Robinson and Allen reached a park, Allen reached into a backpack he was carrying, pulled out a gun, and pointed it at Robinson. Allen told Robinson he would kill him if Robinson kept following him.

At this point, Robinson paused because he believed Allen could have used the gun since he had previously used the bear mace. Robinson believed that he could get injured. When the State asked how Allen's threatening statement made him feel, Robinson testified that he did not really care because he was thinking about the bear mace incident. When asked if he felt any fear or apprehension, Robinson testified that he did not, that he was still angry about the bear mace incident, and that he was going to do everything in his power to not let Allen get away again.

During the encounter, Robinson told the 911 operator that Allen had a gun. The 911 operator told Robinson he should not be following Allen because it was not worth his life. Robinson replied that he did not care because Allen had bear-maced him and was not going to get away with it. Robinson saw Allen put the gun back in his backpack and continued to follow Allen. Robinson testified that this was foolish of him.

Robinson then saw Allen give a can of bear mace to another individual who was with him, and that other individual chased Robinson away. After Robinson ran from the other individual with the bear mace, he returned to where he believed Allen was.

Officer Michael Clark of the Tacoma Police Department testified that law enforcement officers arrived and arrested Allen. Officers searched Allen and his backpack, and they found a scale, pocket knife, heroin, methamphetamine, over $1,000.00 in cash, and a gun.

Detective Jacob Martin of the Tacoma Police Department testified that he examined the gun and found that the firearm had a malfunctioning trigger and would not fire. Detective Martin later performed a second examination, took the gun apart, and found that a spring around the firing pin was missing. Detective Martin determined that the missing spring was the reason why the gun would not fire. Detective Martin testified that if a spring were added to the firearm, it would function as designed and would fire projectiles.

Allen testified and denied spraying Robinson with bear mace. Allen also denied pointing the gun at Robinson and threatening to kill Robinson.

B. MOTION FOR DIRECTED VERDICT, JURY INSTRUCTIONS, AND VERDICT

Allen's attorney moved for a directed verdict on the felony harassment charge and second degree assault charge for the incident regarding the gun. Allen's attorney argued that the State did not present sufficient evidence that Robinson had reasonable apprehension and imminent fear of injury for the assault charge. On the harassment charge, Allen's attorney argued that the State did not present sufficient evidence that Robinson was in reasonable fear that Allen's threat would be carried out. The trial court denied Allen's motion.

The jury instruction for the felony harassment charge stated that jurors had to find beyond a reasonable doubt "[t]hat the words or conduct of the defendant placed Bernard Robinson in reasonable fear that the threat to kill would be carried out." Clerk's Papers (CP) at 63. The jury instruction defining assault stated that "[a]n assault is an act done with the intent to create in

4

another apprehension and fear of bodily injury, and which in fact creates in another a reasonable apprehension and imminent fear of bodily injury." CP at 68.

The jury found Allen guilty of all charges. The jury also returned special verdicts that Allen committed the possession of a controlled substance with intent to deliver offenses in a public park. Additionally, the jury returned special verdicts that Allen was armed with a firearm during the commission of the possession of a controlled substance with intent to deliver offenses, felony harassment, and the second degree assault involving the gun.

C. SENTENCING

At sentencing, the State argued that Allen's prior Alaska conviction for fourth degree misconduct involving a controlled substance was factually comparable to Washington's crime of unlawful possession of a controlled substance. The State argued that the conviction should not count toward Allen's offender score but should count as a prior conviction under the Uniform Controlled Substances Act[3] and should thus double Allen's term of imprisonment for the possession with intent to deliver offenses under RCW 69.50.408.[4] The State also argued that the term of imprisonment for the possession with intent to deliver offenses should be doubled under RCW 69.50.435(1)(e) and (j)[5] because the offenses were committed within a public park.

---

[3] Chapter 69.50 RCW.

[4] RCW 69.50.408(1) provides that "[a]ny person convicted of a second or subsequent offense under this chapter may be imprisoned for a term up to twice the term otherwise authorized, fined an amount up to twice that otherwise authorized, or both."

[5] RCW 69.50.435(1)(e) and (j) provide that "[a]ny person who violates RCW 69.50.401 by . . . possessing with the intent to manufacture, sell, or deliver a controlled substance . . . [i]n a public park . . . may be punished . . . by imprisonment of up to twice the imprisonment otherwise authorized by this chapter."

At the sentencing hearing, the trial court stated:

> As far as the request by the State for the comparability analysis, it sounds too that you've agreed that you believe that the elements are comparable. In terms of it's effect, there really is no effect because the jury did make a finding or have found in a special verdict finding that the public park enhancement was one that there was a sufficient amount of evidence for them to find that.

5 Verbatim Report of Proceedings (VRP) at 668. The trial court doubled the statutory maximum for both of Allen's drug offenses, bringing the statutory maximum from 10 years to 20 years.

The trial court imposed a total of 298+ months of confinement. This sentence reflected two 60-month firearm sentencing enhancements.

Allen appeals.

ANALYSIS

A.     SUFFICIENCY OF THE EVIDENCE CHALLENGES

Allen argues that the evidence is insufficient to support his convictions for felony harassment and second degree assault involving the gun (count 6). Allen also argues that the evidence is insufficient to sustain the firearm sentencing enhancements. We hold that the evidence is insufficient to support Allen's conviction for felony harassment, but the evidence is sufficient to support the second degree assault conviction involving the gun (count 6) and the firearm sentencing enhancements not associated with the felony harassment conviction.

We review challenges to the sufficiency of the evidence by considering whether any rational trier of fact, in viewing the evidence in the light most favorable to the State, could find the essential elements of the crime beyond a reasonable doubt. *State v. Rich*, 184 Wn.2d 897, 903, 365 P.3d 746 (2016). An insufficiency of the evidence claim admits the truth of the State's evidence and all reasonable inferences that can be drawn from that evidence. *State v. Salinas*, 119

6

Wn.2d 192, 201, 829 P.2d 1068 (1992). All such inferences "must be drawn in favor of the State and interpreted most strongly against the defendant." *Id.* Direct and circumstantial evidence are equally reliable. *State v. Miller*, 179 Wn. App. 91, 105, 316 P.3d 1143 (2014). We defer to the trier of fact on issues of conflicting testimony, witness credibility, and the persuasiveness of evidence. *State v. Ague-Masters*, 138 Wn. App. 86, 102, 156 P.3d 265 (2007).

     1.     Felony Harassment

Allen argues that the evidence is insufficient to sustain his conviction for felony harassment. Specifically, Allen argues that the State failed to prove that Robinson was placed in reasonable fear that Allen's threat to kill would be carried out. We agree.

Under RCW 9A.46.020(1), a person is guilty of harassment if (1) without lawful authority, the person knowingly threatens to cause bodily injury immediately or in the future to another person, and (2) the person by words or conduct places the other person in reasonable fear that the threat will be carried out. A person who harasses another is guilty of a class C felony if they threaten to kill the person threatened. RCW 9A.46.020(2)(b)(ii).

To prove felony harassment based on a threat to kill, the State must show that the person threatened was placed in reasonable fear that they would be killed. *State v. C.G.*, 150 Wn.2d 604, 610, 80 P.3d 594 (2003). It is not enough for the State to show that the person threatened was placed in reasonable fear of bodily injury. *See id.* at 611. Further, the threatened person's fear must be reasonable based on an objective standard, considering all the facts and circumstances of the case. *State v. Cross*, 156 Wn. App. 568, 582, 234 P.3d 288 (2010), *modified on remand*, 166 Wn. App. 320, 271 P.3d 264 (2012).

7

Here, although Robinson testified that he paused when Allen pointed the gun at him and threatened to kill him, Robinson also testified that he was not in fear or apprehension when Allen pointed the gun at him and threatened him. Robinson did, however, testify that he believed Allen could use the gun and that he could end up injured. From this evidence, even when viewed in the light most favorable to the State, a rational factfinder might, at most, draw the reasonable inference that Robinson was in fear of being injured, despite his testimony that he was not fearful. But that finding is insufficient to support a conviction for felony harassment, which requires a showing that Robinson was in fear of being killed. *See C.G.*, 150 Wn.2d at 610-11. Thus, even when viewing the evidence in the light most favorable to the State, no rational trier of fact could have found beyond a reasonable doubt that Robinson was in fear of being killed when Allen threatened to kill him. Therefore, the evidence was insufficient to support Allen's conviction for felony harassment. *See id*. Accordingly, we reverse Allen's felony harassment conviction and the firearm sentencing enhancement associated with the felony harassment conviction.

2.      Second Degree Assault

Allen argues that the evidence is insufficient to sustain his conviction for second degree assault pertaining to the incident with the gun (count 6). Specifically, Allen argues that the State failed to prove that Robinson apprehended and feared imminent bodily injury. We disagree.

To prove that Allen was guilty of second degree assault, the State had to prove that Allen assaulted another with a deadly weapon. RCW 9A.36.021(c). Because "assault" is not defined in the statute, we look to the common law for definitions. *State v. Houston-Sconiers*, 188 Wn.2d 1, 14 n.1, 391 P.3d 409 (2017). One recognized definition of "assault" is "an act done with intent to create in another apprehension and fear of bodily injury, and that in fact creates in another a

8

reasonable apprehension and imminent fear of bodily injury." *Davis v. King County*, 16 Wn. App. 2d 64, 72, 479 P.3d 1181 (2021). The jury was instructed on this definition, so it is the definition relevant to Allen's insufficiency of the evidence claim. "Apprehension of a person at whom a revolver is pointed may be inferred, unless he knows it to be unloaded." *State v. Miller*, 71 Wn.2d 143, 146, 426 P.2d 986 (1967).

Here, although Robinson testified that he was not in fear or apprehension when Allen pointed the gun at him, that he was still angry about the bear mace incident, and that he was going to do everything in his power to keep Allen from getting away, Robinson also testified that he paused when Allen pointed the gun at him because he believed Allen could use the gun and that he could get injured. Viewing this evidence in the light most favorable to the State, a rational trier of fact could draw the reasonable inference that Robinson, despite his testimony that he was not afraid, was actually apprehensive when Allen pointed the gun at him and paused because he had an imminent fear of bodily injury. Additionally, a rational trier of fact could draw the reasonable inference that Robinson's fear was reasonable, given that Allen had previously injured Robinson with bear mace, was pointing a gun at Robinson, and told Robinson he would kill him. Therefore, a rational trier of fact could find beyond a reasonable doubt that Robinson reasonably apprehended and feared imminent bodily injury. *See Salinas*, 119 Wn.2d at 201. Accordingly, we hold that the evidence is sufficient to sustain Allen's conviction for second degree assault.

3.     Firearm Sentencing Enhancements

Allen argues that the evidence is insufficient to support the firearm sentencing enhancements. Specifically, Allen argues that the evidence was insufficient because the State did not prove that the gun was operable. We disagree.

A firearm sentencing enhancement increases the sentence for an underlying felony "if the offender or an accomplice was armed with a firearm" during the course of the crime. RCW 9.94A.533(3).[6] A "firearm" is a "weapon or device from which a projectile or projectiles may be fired by an explosive such as gunpowder." RCW 9.41.010(11).[7]

Here, Allen was armed with an inoperable gun during the course of his crimes. Allen contends that the inoperability of the gun at the time of the crimes requires the dismissal of his firearm enhancements because our Supreme Court's decision in *State v. Recuenco*[8] requires the State to prove that a firearm is operable. But *State v. Olsen* explained that *Recuenco*'s language about operability was dicta because *Recuenco* did not examine whether operability was required. *State v. Olsen*, 10 Wn. App. 2d 731, 737, 449 P.3d 1089 (2019), *review denied*, 195 Wn.2d 1002 (2020). *Olsen* held that the State is not required to prove that a firearm is operable at the time of the offense. *Id.* at 738. Therefore, except for the firearm sentencing enhancement associated with the felony harassment conviction, Allen's argument that there is insufficient evidence to support the firearm sentencing enhancements because the State did not prove that the gun was operable fails.

---

[6] RCW 9.94A.533 was amended in 2020. No substantive changes were made affecting this appeal. Therefore, we cite to the current statute.

[7] RCW 9.41.010 was amended in 2020. No substantive changes were made affecting this appeal. Therefore, we cite to the current statute.

[8] 163 Wn.2d 428, 180 P.3d 1276 (2008).

B.      60-MONTH FIREARM SENTENCING ENHANCEMENTS

Allen argues in a supplemental brief that he is entitled to resentencing because the trial court imposed 60-month firearm enhancements. Specifically, Allen argues that he is entitled to resentencing because the 60-month firearm enhancements were based on doubled statutory maximum sentences for his possession with intent to deliver convictions, and that doubling was predicated on a prior out-of-state conviction for simple possession of a controlled substance that is no longer comparable to any Washington crime following *Blake*. The State concedes that the doubling of the statutory maximum sentences based on Allen's prior out-of-state drug possession conviction is no longer valid following *Blake*. However, the State argues that the statutory maximum sentences were also doubled because Allen committed the offenses in a public park, so the trial court properly imposed the 60-month firearm enhancements. We agree with the State.

Firearm sentencing enhancements are 36 months for felonies with statutory maximum sentences of 10 years. RCW 9.94A.533(3)(b).[9] But, under certain circumstances, firearm sentencing enhancements are 60 months for felonies with statutory maximum sentences of 20 years or more. RCW 9.94A.533(3)(a).

Relevant here, unlawful possession of a controlled substance with intent to deliver is a felony and carries a 10 year statutory maximum sentence when the controlled substance is heroin or methamphetamine. RCW 69.50.401(2)(a), (b). The statutory maximum sentence for possession of a controlled substance with intent to deliver can be doubled if the offense takes place in a public park. RCW 69.50.435(1)(e), (j).

---

[9] RCW 9.94A.533 was amended in 2020. No substantive changes were made affecting this appeal. Therefore, we cite to the current statute.

In Allen's case, the jury returned special verdicts that Allen's possession with intent to deliver offenses took place in a public park. The State then argued at sentencing that the statutory maximum for those convictions should be doubled for two independent reasons: (1) the crimes took place in a public park, and (2) Allen's prior Alaska conviction was comparable to Washington's crime of unlawful possession of a controlled substance. At the sentencing hearing, the trial court acknowledged that the prior Alaska conviction's comparability had no effect due to the special verdicts about the public park. Therefore, the trial court doubled the statutory maximum sentences for both possession with intent to deliver convictions due to the offenses taking place in a public park. *See* RCW 69.50.435(1)(e), (j). By doubling the statutory maximum sentences, the trial court correctly lengthened the statutory maximum sentences to 20 years, which brought the length of the corresponding firearm enhancements to 60 months. *See* RCW 69.50.401(2)(a), (b); RCW 9.94A.533(3)(a). None of the public park analysis is affected by *Blake*, which held that Washington's strict liability simple drug possession statute was void. 197 Wn.2d at 195. Accordingly, we hold that Allen is not entitled to resentencing on the 60-month firearm enhancements based on *Blake*.

## CONCLUSION

There is insufficient evidence to support Allen's felony harassment conviction; however, there is sufficient evidence to support Allen's other convictions and the firearm sentencing enhancements associated with those convictions. Also, Allen is not entitled to resentencing on the firearm sentencing enhancements based on *Blake*. Therefore, we reverse Allen's felony harassment conviction and the associated firearm sentencing enhancement, and we affirm Allen's remaining convictions and the associated firearm sentencing enhancements. We remand to the

No. 54545-4-II

trial court to vacate the felony harassment conviction and associated firearm sentencing enhancement, dismiss the felony harassment charge and associated firearm sentencing enhancement with prejudice, and for resentencing.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Worswick, J.

Cruser, A.C.J.

13