# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 56966-3-II |
| Respondent, | |
| v. | |
| TYLER WALLACE ELKINS, | UNPUBLISHED OPINION |
| Appellant. | |

CRUSER, J. — Tyler Wallace Elkins made verbal threats to kill a security guard. The State charged Elkins with one count of felony harassment. Following a bench trial, the trial court convicted Elkins. On appeal, Elkins argues that there was not sufficient evidence to convict him of felony harassment because the guard's fear that Elkins would follow through on his threat was not objectively reasonable.

We disagree and affirm Elkins' conviction.

## FACTS

A. BACKGROUND

Luis Zuno, a security guard, was patrolling the County-City Building in Tacoma, Washington, when he received a dispatch call notifying him that an individual was attempting to enter the building.

Zuno, who had experienced previous encounters with Elkins, asked Elkins to leave. Elkins told Zuno that he was trying to access the building to get money he had left behind in the

courthouse. Zuno informed Elkins that he had to leave, but he could return in the morning to collect his money. Elkins then left and Zuno continued with his patrol.

An hour or two later, Zuno received another dispatch informing him that Elkins had returned. Zuno found Elkins at the County-City Building and reminded him that he would have to return in the morning when the building opened. Elkins became angry, got very close to Zuno's face, and threatened to kill him. Zuno retreated and called 911. Several officers arrived and arrested Elkins.

The State charged Elkins with one count of felony harassment under RCW 9A.46.020(2)(b). Elkins waived his right to a jury trial and the case proceeded to a bench trial.

B. EVIDENCE PRESENTED AT TRIAL

To convict Elkins of felony harassment, the trial court had to find that Elkins, without lawful authority, knowingly threatened to kill Zuno immediately or in the future, and that his words or conduct placed Zuno in reasonable fear that the threat to kill would be carried out.

Zuno testified at trial. He explained that when he drove back to the County-City Building for a second time that night, he saw Elkins climbing on planters on the sidewalk. According to Zuno, after he advised Elkins to get down, Elkins, who appeared to be agitated, began shouting profanities at him. Zuno again told Elkins he would have to return in the morning, which appeared to anger Elkins even more. Zuno testified that Elkins then got right in front of Zuno's face and continued to shout profanities at him. Zuno began to back away from Elkins to de-escalate and avoid further confrontation.

Zuno testified that Elkins then positioned himself approximately four to five inches away from his face and began messing with his belt and putting his hands inside the front of his pants

while whispering either "I'm going to kill you, I'm going to take your vehicle, there's nothing you can do" or "I want to kill you, I want to take the vehicle and there's nothing you can do about it." Verbatim Rep. of Proc. (VRP) (May 12, 2022) at 77, 79. After seeing Elkins reach into his pants, Zuno was afraid he would be stabbed. As a former corrections officer, Zuno knew inmates would hide their knives or shivs in the front of their underwear, so he feared Elkins had a knife.

As Zuno learned to do when facing someone he feared may attack, Zuno began to walk backwards, away from Elkins, only turning his back when he needed to use his badge to open a gate to enter the building. As Zuno walked backwards, Elkins followed him toward the gate but turned once he saw Zuno get to the scanner for the gate. At this point, Zuno had abandoned his car since he felt that his life was more important than the vehicle.

Zuno testified that during the encounter, he believed Elkins would try to kill him. Once behind the gate, Zuno testified that he called 911 and informed them of a person trespassing on the courthouse property. Once officers arrived and arrested Elkins, Zuno was informed that officers found no weapon on Elkins.

Following a bench trial, the court found evidence to support each element of felony harassment beyond a reasonable doubt and convicted Elkins of felony harassment. The court found that Zuno's conduct reflected his fear and that his fear was reasonable under the circumstances. The trial court imposed a sentence of nine months of confinement. Elkins appeals.

DISCUSSION

Elkins argues that we should reverse his conviction and dismiss the charge for felony harassment under RCW 9A.46.020(2)(b) because the State did not prove that Zuno's fear that Elkins would carry out his threat was objectively reasonable, which is an essential element of felony harassment. Elkins argues there was no evidence he was capable of carrying out the threat and that Zuno had the knowledge and skills to defend himself.

When considering a challenge to the sufficiency of the evidence, we construe the evidence in the light most favorable to the State and ask whether any rational trier of fact could have found guilt beyond a reasonable doubt. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). A claim that the evidence was insufficient admits the truth of the State's evidence and all reasonable inferences drawn from that evidence. *Id.*

Under RCW 9A.46.020(1)(a)(i), a person is guilty of misdemeanor harassment when a person without lawful authority knowingly threatens to cause bodily injury immediately or in the future to the person threatened or to any other person. *State v. C.G.*, 150 Wn.2d 604, 608, 80 P.3d 594 (2003). The offense is elevated to a felony when the threat involves a threat to kill. RCW 9A.46.020(2)(b)(ii); *State v. Mills*, 154 Wn.2d 1, 12, 109 P.3d 415 (2005). In *Mills*, the court recognized that although the requirement of "reasonable fear" appears in the section addressing misdemeanor harassment, it clearly applies to felony harassment. 154 Wn.2d at 12. Thus, in order to convict Elkins of felony harassment under RCW 9A.46.020(2)(b), the State had to prove beyond a reasonable doubt that Elkins, without lawful authority, knowingly threatened to kill Zuno immediately or in the future and that his words or conduct placed Zuno in reasonable fear that the threat to kill would be carried out. *C.G.*, 150 Wn.2d at 612.

Elkins does not dispute that there was proof that Elkins verbalized a threat to kill Zuno. Elkins told Zuno either "I'm going to kill you, I'm going to take your vehicle, there's nothing you can do" or "I want to kill you, I want to take the vehicle and there's nothing you can do about it." VRP (May 12, 2022) at 77, 79. The only element in dispute in this case is whether Elkins' words or conduct placed Zuno in reasonable fear that the threat to kill would be carried out.

In *State v. J.M.*, 144 Wn.2d 472, 474-75, 28 P.3d 720 (2001), the Washington Supreme Court affirmed a conviction of felony harassment where a juvenile told two fellow students he would kill the principal of his middle school, and the principal heard about the threat from one of the students. The principal knew the defendant had disciplinary problems at school but had never seen the student in possession of any weapons. *Id.* at 475. Similarly, in *State v. E.J.Y.*, 113 Wn. App. 940, 953, 55 P.3d 673 (2002), Division One held that testimony that a school employee was a " 'little frightened' " by a juvenile's threat was sufficient evidence to prove that the juvenile's words or conduct placed the school employees in reasonable fear that the threat would be carried out.

Here, like in *J.M.*, Elkins made an express threat to kill. Zuno found Elkins jumping on planters, Elkins appeared agitated, and he began shouting profanities at Zuno. Elkins came within inches of Zuno's face, whispered a threat to kill him, and put his hands in his pants.

In Zuno's prior experience working in corrections, he was often exposed to inmates who would carry their knives or shivs in the front of their underwear. So, when Elkins started moving towards Zuno with his hands in his pants, Zuno reasonably feared that Elkins had some sort of knife or other weapon hidden there, which caused Zuno to start walking backwards towards the gate, abandoning his vehicle. When the prosecutor asked Zuno at trial whether he thought Elkins

might actually try to kill him, Zuno responded, "Try to, yes." VRP (May 12, 2022) at 90. Zuno reasonably feared that Elkins was reaching for a weapon.

In viewing the evidence in the light most favorable to the State, the facts presented here are of the same character as those made in *J.M.* Substantial evidence supports the trial court's finding that Elkins' words and conduct placed Zuno in reasonable fear of the threat being carried out.

## CONCLUSION

We affirm Elkins' conviction.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

CRUSER, J.

We concur:

GLASGOW, C.J.

CHE, J.